**ZHONG MING TENG, Petitioner,**

v.

**Michael MUKASEY,\* Attorney General of the United States, Respondent.**

No. 06–3979–ag.

United States Court of Appeals, Second Circuit.

Nov. 14, 2007.

---

\* Pursuant to Federal Rule of Appellate Proce-

dure 43(c)(2), Attorney General Michael Mu-

Yan Wang, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Alison Marie Igoe, Senior Litigation Counsel, Lyle D. Jentzer, Trial Attorney, Office of Immigration Litigation, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Zhong Ming Teng, a citizen of the People's Republic of China, seeks review of an August 16, 2006 order of the BIA dismissing his appeal from the March 8, 2005 decision of Immigration Judge ("IJ") Helen Sichel denying his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Zhong Ming Teng,* No. A97 129 915 (BIA Aug. 16, 2006), *aff'g* No. A97 129 915 (Immig. Ct. N.Y. City Mar. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the agency's adverse credibility finding. In support of the adverse credibility determination, the IJ and BIA relied, in part, on Teng's testimony concerning whether he

kasey is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

had used his own passport to depart China or whether a snakehead had given him a fraudulent one. Teng's use of a fraudulent passport to leave China clearly relates to his claim that he was targeted in China for his practice of Falun Gong. Therefore, Teng's inconsistent testimony regarding his passport is relevant to his claim of persecution and provides· a proper basis for the adverse credibility determination.

The IJ found also damaging to Teng's credibility the fact that he hesitated during his testimony regarding how often he practices Falun Gong in the United States and that he was non-responsive during the line of questioning concerning his passport. she would reach the same

We note that the IJ made a brief alternative finding, assuming Teng's credibility, but concluding that he had not met his burden of proof. We agree with the IJ that Teng did not establish past persecution, *see Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006). Moreover, Teng failed to challenge the IJ's internal relocation finding. Teng's petition for review must therefore be denied.

Finally, Teng argues that he is qualified for relief pursuant to CAT. However, because Teng, through counsel, specifically waived CAT relief during his immigration hearing, the IJ never adjudicated the merits of such a claim. Therefore, since Teng failed to exhaust his administrative remedies regarding his CAT claim, we are precluded from reviewing that claim in the first instance and dismiss the petition to that extent. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance Procedure 34(a)(2), with Federal Rule of Appellate and Second Circuit Local Rule 34(d)(1).